# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AARON R. OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06CV430(AGF) |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| SOCIAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Aaron R. Owens for leave to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). In addition, the Court has reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and finds that it is frivolous or fails to state a claim upon which relief may be granted or both. Thus, the Court will dismiss this case prior to service of process.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff requests this Court to enjoin the Missouri Department of Social Services (MDSS) from garnishing his wages for child support.  Plaintiff also seeks damages from the MDSS.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  First, neither the State nor its agencies

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

are persons for purposes of § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).  Second, this Court is without jurisdiction over plaintiff's claims challenging a state court's award of child support.  See Rains v. Rains, 221 F.3d 1343, Table, 2000 WL 988300 (8th Cir. July 17, 2000).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED**. See 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 30th day of May, 2006.

_____
**SENIOR U.S. DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com